# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In re:**                                                              Case No. 13-47986-tjt

RANDY DZIERZAWSKI,                           Chapter 7

    Debtor.                                                Hon. Thomas J. Tucker

_____/

## POST-HEARING BRIEF IN SUPPORT OF
## DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE

### INTRODUCTION

At the conclusion of the hearing on Debtor Randy K. Dzierzawski's (the "Debtor's") motion to dismiss his Chapter 7 bankruptcy case pursuant to 11 U.S.C. §707(a) and Fed. R. Bankr. P. 1017 and, alternatively, pursuant to 11 U.S.C. §305 (Docket # 196, the "Motion"), the Court ordered additional briefing regarding the limited issue of "whether the creditor-remedy provisions of Mich. Comp. Laws § 450.4507, including the limitations on creditor remedies therein, apply when the LLC is a single-member LLC (the 'single-member LLC issue')." (Docket # 211). Michigan law is silent as to whether the creditor-remedy provisions in MCL §450.4507 apply in the context of a single-member limited liability company ("LLC").

Nevertheless, the Debtor believes that the Michigan Supreme Court, if called upon to determine the single-member LLC issue, could potentially rule that the limitations on creditor remedies found in Mich. Comp. Laws § 450.4507 do not apply to single-member limited liability companies. Even though Debtor disagrees, Vulpina could rely on case law and the statutory language from other jurisdictions across the United States in an attempt to persuade the Michigan Supreme Court to adopt this conclusion.

# LAW AND DISCUSSION

The Michigan Limited Liability Company Act (the "Act") addresses, *inter alia*, the rights of judgment creditors of a member of a LLC. MCL §450.4507 provides:

(1) If a court of competent jurisdiction receives an application from any judgment creditor of a member of a limited liability company, the court may charge the membership interest of the member with payment of the unsatisfied amount of judgment with interest.
(2) If a limited liability company is served with a charging order and notified of the terms of that order, then to the extent described in the order, the member's judgment creditor described in the order is entitled to receive only any distribution or distributions to which the judgment creditor is entitled with respect to the member's membership interest.
(3) This act does not deprive any member of the benefit of any exemption laws applicable to the member's membership interest.
(4) Unless otherwise provided in an operating agreement or admitted as a member under section 501, a judgment creditor of a member that obtains a charging order does not become a member of the limited liability company, and the member that is the subject of the charging order remains a member of the limited liability company and retains all rights and powers of membership except the right to receive distributions to the extent charged.
(5) A charging order is a lien on the membership interest of the member that is the subject of the charging order. However, a person may not foreclose on that lien or on the membership interest under this act or any other law, and the charging order is not an assignment of the member's membership interest for purposes of section 505(4).
(6) This section provides the exclusive remedy by which a judgment creditor or a member may satisfy a judgment out of the member's membership interest in a limited liability company. A court order to which a member may have been entitled that requires a limited liability company to take an action, provide an accounting, or answer an inquiry is not available to a judgment creditor of that member attempting to satisfy a judgment out of the member's membership interest, and a court may not issue an order to a judgment creditor.

Michigan, like all states, permits the creditors of an owner of a Michigan LLC to obtain a charging order against the debtor-owner's membership interest. MCL §450.4507 The charging order exists to protect the *other members* of the LLC from having to involuntarily share governance responsibilities with someone they did not choose, or from having to accept a creditor of another member as a co-manager. See In re Albright, 291 B.R. 538, 541 (Bankr. D.

Colo. 2003) (applying Colorado law). The policy rationale, however, disappears when the LLC has only one member. Albright, 291 B.R. at 541. ("The charging order limitation serves no purpose in a single member limited liability company, because there are no other parties' interests affected.")

Even though Michigan has not made a distinction in how it handles cases involving single versus multi-member LLCs, Vulpina maintains that creditors of single-member LLCs in Michigan are limited to the charging order remedy. Its definitive conclusion is arguably premature. First, Vulpina's argument overstates the language in the Act. While MCL §450.4507(6) provides that a charging order is the "exclusive remedy", the statutory language is silent as to whether it applies to single-member LLCs, multi-member LLCs, or both. Second, although the Act states that charging orders are the exclusive remedy, courts in other jurisdictions have neglected to support the exclusivity of the charging order provisions in favor of allowing a judgment creditor to reach the assets of a single-member LLC. See, e.g., In re Albright, *supra*; In re Modanlo, 412 B.R. 715 (Bankr. D. Md. 2006). These cases manifest this policy rationale in allowing judgment creditors of a member to seek other remedies against a single-member LLC.

The uncertainty surrounding the exclusivity of the charging order remedy has led some states – *not including Michigan* – to amend their LLC laws to clarify the treatment of single-member LLCs. For example, Delaware, Nevada and Wyoming amended their LLC laws to make it clear that single-member LLCs are entitled to the same protection from creditors as multi-member LLCs:

> **Delaware**: "*The entry of a charging order is the exclusive remedy* by which a judgment creditor of a member or a member's assignee may satisfy a judgment out of the judgment debtor's limited liability company interest and attachment, garnishment, foreclosure or other legal or equitable remedies are not available to

3

the judgment creditor, *whether the limited liability company has 1 member or more than 1 member.*" DEL. CODE ANN. Tit. 6, §18-703(d) (emphasis added).

**Nevada**: "[This section] [p]rovides the *exclusive remedy* by which a judgment creditor of a member or an assignee of a member may satisfy a judgment out of the member's interest of the judgment debtor, *whether the limited-liability company has one member or more than one member*." NEV. REV. STAT. §86.401(2)(a) (emphasis added).

**Wyoming**: "This section provides the *exclusive remedy* by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the *sole member, dissociated member or transferee*, may, in the capacity of the judgment creditor, satisfy the judgment the judgment debtor's transferable interest or from the assets of the limited liability company." WYO. STAT. ANN. §17-29-503(g) (emphasis added).

Conversely, Florida and Utah, have taken the opposite approach and changed their LLC laws to provide creditors of single-member LLCs with additional remedies that are not otherwise available against owners of a multi-member LLC:

**Florida**: "*In the case of a limited liability company that has only one member*, if a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, *a charging order is not the sole and exclusive remedy* by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the transferee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale." FLA. STAT. ANN. §605.0503(4) (emphasis added).

**Utah:** "(3) Upon a showing that distributions under a charging order will not pay the judgment debt within a reasonable time, the court may foreclose the lien and order the sale of the transferable interest. Except as otherwise provided in Subsection (6), the purchaser at the foreclosure sale only obtains the transferable interest, does not thereby become a member, and is subject to Section 48-3a-502.

\*\*\*

(6) *If a court orders foreclosure of a charging order lien against the sole member of a limited liability company*:

    (a) the court shall confirm the sale;
    (b) the purchaser at the sale obtains the member's entire interest, not only the member's transferable interest;

4

> (c) the purchaser thereby becomes a member; and
> (d) the person whose interest was subject to the foreclosed charging order is dissociated as a member.
>
> ***
>
> (8) This section provides the *exclusive remedy* by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest. UTAH CODE ANN. §48-3A-503 (emphasis added).

Michigan has not specifically addressed this issue either in the courts or by adopting laws specifically addressing single-member LLCs. However, Vulpina will argue in state court that it is not inappropriate to surmise that single-member LLCs can be treated differently than multi-member LLCs. Vulpina will most likely argue that, as reasoned in the <u>Albright</u> decision cited above, the overall policy of protecting the other non-debtor members of a LLC is moot where the LLC has a single member – there is simply no one else's interests to protect.

While MCL §450.4507(6) states that the charging order remedy is exclusive, and Vulpina has and will argue before this Court that the limitation applies equally to single and multi-member LLCs, Vulpina will unquestionably rely on the statutes and cases cited above to advocate for a different ruling under Michigan law.

## **CONCLUSION**

Michigan law is silent as to whether a charging order is the exclusive remedy available to creditors of single-member and multi-member LLCs. This silence leaves the question open as to whether Michigan courts will make a policy decision in favor of judgment creditors attempting to reach a single-member LLC or will strictly construe the statutory language. Based on this uncertainty, it is premature for this Court to adopt either side of this unsettled and evolving area of law in its analysis of the Debtor's request for dismissal of this bankruptcy.

5

Regardless of how the Michigan Supreme Court would rule on the single-member LLC issue, at the end of the day, dismissal of the Debtor's bankruptcy serves the best interests of the creditors, particularly Vulpina. Simply put, dismissal would place the creditors in a better position than they were before the bankruptcy filing. Vulpina will have a bankruptcy-proof judgment without having to complete the discharge objection adversary proceeding. That provides Vulpina with what it wants now and the immediate ability to commence collection actions. It also has the added benefit of ensuring that Vulpina will not incur more time and cost litigating the discharge in bankruptcy. Vulpina would further benefit because it may reopen and continue prosecution of the fraudulent transfer action that was pending prior to the Debtor's bankruptcy filing. Moreover, Vulpina would have all of the same rights it had to litigate the fraudulent transfer claim that were available at the time the Debtor filed this action. The uncertainty regarding whether a charging order is the exclusive remedy available to creditors of single-member and multi-member LLCs under MCL §450.4507 does nothing to alter the critical fact that dismissal will not result in prejudice to the creditors.

Respectfully submitted,

**Gold, Lange & Majoros, P.C.**

By:   /s/ Jason P. Smalarz
Stuart A. Gold (P27766)
Jason P. Smalarz (P71042)
24901 Northwestern Hwy., Ste. 444
Southfield, MI 48075
(248) 350-8220
Attorneys for Debtor

And

13-47986-tjt    Doc 221    Filed 12/03/14    Entered 12/03/14 16:50:58    Page 6 of 7

**Brooks Wilkins Sharkey & Turco PLLC**

By: /s/ Michael R. Turco
Michael R. Turco (P48705)
401 S. Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
(248) 971-1713
Attorneys for Debtor

Dated: December 3, 2014